**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CHANTAY ELESE COLLINS,                  Case No: 1:13-cv-756

    Plaintiff,                                      Dlott, J.
v.                                                    Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Chantay Elese Collins filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled.  *See* 42 U.S.C. §405(g).  On September 23, 2014, the undersigned recommended that this case be reversed and remanded, pursuant to sentence four of 42 U.S.C. §405(g), for further review by the Social Security Agency.  No objections to that Report and Recommendation ("R&R") were filed, and it was adopted as the opinion of the Court on October 16, 2015.  (Docs. 15, 16).

On December 30, 2014, Plaintiff filed a motion seeking attorney's fees and costs pursuant to the Equal Access for Justice Act ("EAJA").  (Doc. 19).  This Court subsequently awarded the amount of $2,695.00 to Plaintiff under the EAJA, for all fees, costs, and expenses under 28 U.S.C. §2412.  (Docs. 20, 21, 22).  The EAJA award was directed to be paid to the Plaintiff from the Commissioner.  However, in the absence of any debt owed by the Plaintiff to the United States, an assignment of such an award by Plaintiff to her attorney typically results in the fee being paid to counsel as occurred in this case.

Following remand to the agency from this Court, a new hearing was conducted on October 1, 2015 before a new Administrative Law Judge ("ALJ").  The ALJ issued a favorable decision on October 22, 2015, finding the Plaintiff disabled as of October 2, 2009.  A Notice of Award dated December 29, 2015 informed Plaintiff and her attorney that her past-due benefit award totaled $57,907.00.

Within thirty days of that Notice, on January 29, 2016, Plaintiff timely filed a motion for an additional award of attorney fees pursuant to 42 U.S.C. §406(b).  Unlike the EAJA award previously paid by the United States, a fee under §406(b) impacts the social security claimant, because it is paid directly out of her past benefits award.

Pursuant to 42 U.S.C. §406(a), the Commissioner withheld fees in the amount of $6,000 in order to pay counsel for work he performed at the administrative level. Counsel also is presumed to have received at least $2,295.00 in attorney fees through assignment of the prior EAJA award.[1]  Therefore, counsel properly acknowledges that the prior attorney fee award must be refunded to the Plaintiff if this Court awards an additional attorney fee under 42 U.S.C. §406(b).[2]

The record reflects that under a contingency fee agreement executed by Plaintiff, counsel would be entitled to the statutory maximum fee of 25% of the past-due benefit award of $57,907.00, or $14,476.75.  Subtracting the $6,000 award previously paid for counsel's administrative work under §406(a), as well as the EAJA fee award, yields a total additional award due to counsel of $6,181.75 for 19.25 hours of work performed in

---

[1] The total EAJA award was $2,695.00, but it is unclear whether counsel received that amount or only the $2,295.00 attributable to attorney fees. In any event, the pending motion seeks to avoid an offset of the $400.00 filing fee, previously included as costs in the EAJA award.  Although case law is ambiguous, see *Gisbrecht* 535 U.S. at 796, the Court finds counsel's position persuasive.  The contingency fee agreement clearly reflects Plaintiff's agreement to pay the filing fee and any other costs incurred by counsel.  (Doc. 23-2).

[2] In lieu of seeking a higher award and refunding the amount of EAJA fees, counsel has simply subtracted the amount of the prior EAJA fee award from the total sought under §406(b).  The same practice has been sanctioned previously by this Court, as well as by published case law from other courts.  *See, e.g. Jackson v. Com'r of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010).

this Court.

On February 9, 2016, the Commissioner filed a response to the motion for a §406(b) fee award, conceding that the amount of attorney fees sought is "reasonable" under controlling statutory authority and case law.  *See generally Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).  The undersigned fully agrees.

It is therefore **RECOMMENDED THAT:**

1. Plaintiff's motion for an additional fee award (Doc. 24) should be GRANTED;

2. Plaintiff should be awarded the total sum of $6,181.75 in attorney's fees under 42 U.S.C. §406(b).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| CHANTAY ELESE COLLINS, | Case No: 1:13-cv-756 |
| Plaintiff, | Dlott, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).